

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Ben King
County Attorney
Burnet County
Burnet, Texas

Dear Sir:

Opinion Number O-6645
Re: Who will be allowed to
vote in the coming bond
election in Burnet, Texas?

We are in receipt of your letter of recent date, reading as follows:

"We would like an opinion as to who will be
allowed to vote in the coming election in Burnet
County as called for in this election notice."

The election notice attached to this letter discloses that the election is a city election on the question of the issuance of bonds for the purpose of "acquiring, constructing and improving an electric lighting and power system in and for said city, and pledging the revenues of the system to the payment thereof." This notice contains the following sentence:

"And only qualified electors who own taxable
property in the city and who have duly rendered
the same for taxation, shall be qualified to vote."

And we assume that your question relates only to who are qualified voters.

Honorable Ben King, page #2

Section 1 of Article 6 of the Constitution reads as follows:

"Section 1. The following classes of persons shall not be allowed to vote in this State; to-wit:

First: Persons under twenty-one years of age.
Second: Idiots and lunatics.
Third: All paupers supported by any county.
Fourth: All persons convicted of any felony, subject to such exceptions as the Legislature may make.
Fifth: All soldiers, marines and seamen, employed in the service of the Army and Navy of the United States."

Section 2 of said Article reads, in part, as follows:

"Sec. 2. Every person subject to none of the foregoing disqualifications, who shall have attained the age of twenty-one years and who shall be a citizen of the United States and who shall have resided in this State one year next preceding an election and the last six months within the district or county in which such person offers to vote, shall be deemed a qualified elector; * * * * * *; and provided further, that any voter who is subject to pay a poll tax under the laws of the State of Texas shall have paid said tax before offering to vote at any election in this State and hold a receipt showing that said poll tax was paid before the first day of February next preceding such election. Or if said voter shall have lost or misplaced said tax receipt, ne or she, as the case may be, shall be entitled to vote upon making affidavit before any officer authorized to administer oaths that such tax receipt has been lost. Such affidavit shall be made in writing and left with the judge of the election. * * * * * *."

Section 3 of said Article reads as follows:

"Sec. 3. All qualified electors of the State, as herein described, who shall have resided for six months

Honorable Ben King, page #3.

immediately preceding an election, within the
limits of any city or corporate town, shall have
the right to vote for Mayor and all other elec-
tive officers; but in all elections to determine
expenditure of money or assumption of debt, only
those shall be qualified to vote who pay taxes on
property in said city or incorporated town; pro-
vided, that no poll tax for the payment of debts
thus incurred, shall be levied upon the persons
debarred from voting in relation thereto."

Section 3a of Article 6, adopted November 8, 1932, is
as follows:

"When an election is held by any county, or any
number of counties, or any political sub-division
of the State, or any political sub-division of a
county, or defined district now or hereafter to be
described and defined within the State and which
may or may not include towns, villages or municipal
corporations, or any city, town or village, for the
purpose of issuing bonds or otherwise lending credit,
or expending money or assuming any debt, only quali-
fied electors who own taxable property in the State,
county, political sub-division, district, city, town
or village where such election is held, and who have
duly rendered the same for taxation, shall be quali-
fied to vote and all electors shall vote in the elec-
tion precinct of their residence."

The Supreme Court in the case of Pxell v. ity of Baird,
12. . . (2d) 786, held as follows:

"Under the Constitution and laws of this tate, a
voter subject thereto, must pay his city poll tax at
the time required by law in order to qualify as a
legal voter in any election in this State. Obviously,
this answer makes it unnecessary to answer the second
certified question."

Honorable Ben King, Page #4

In the case of Markowski v. Newman, 138 S. W. 808, the court held that property rendered for taxation would include any property rendered prior to the election. Although the law provides that the owners of property within the limits of the corporation shall, between January 1st and April 1st of each year, render same for taxation, the court held that this is a directory provision as to time of rendition and not mandatory.

Article 1030, R. C. S., authorizes cities, towns and villages incorporated under the first ten chapters of Title 28, R. C. S., to levy a city poll tax on its inhabitants subject to the provisions thereof. Article 2955, R. C. S., as amended by Acts of 1941, requires the payment of a city poll tax as a qualification for voting in city elections, provided, of course, that the city has levied such tax.

You are, therefore, advised that any person who has rendered property, real or personal, for taxation in the City of Burnet for the year 1945, or whose property is on the rendition sheets or tax rolls and subject to tax, may vote at such election, if otherwise qualified under the Constitution and laws of this state.

In addition to the constitutional and statutory qualifications of a voter heretofore mentioned, there are other statutory requirements which are important and must be considered in answering your question, which we do not quote but state the effect thereof.

If the City of Burnet levied a poll tax for the year 1944, a person subject to the payment of such tax must have paid the same before February 1, 1945 (Powell v. City of Baird, supra), to be a qualified voter in this election.

A person who was not twenty-one years of age on January 1, 1944, was not subject to the payment of a State poll tax. However, if such a person becomes twenty-one years of age before the first of February, 1945, or becomes of age between that date and the day of the election, he must have obtained an exemption certificate

Honorable Ben King, page #5

from the County Tax Assessor-Collector before February 1, 1945, before he may vote, although otherwise qualified to vote. The same rule applies to a person who was not a resident of Texas on January 1, 1944. See Article 2968a, R. C. S.; Clarke v. Stubbs, 151 S. W. (2d) 663.

You are further advised that those persons who were sixty years of age before January 1, 1944, were not subject to the payment of a poll tax for 1944, and the law does not require them to obtain an exemption certificate in cities of less than ten thousand inhabitants.

Very truly yours

APPROVED JUN 12 1945

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By C. F. Gibson
C. F. Gibson
Assistant

CFG-s


APPROVED OPINION COMMITTEE BY BWB CHAIRMAN